UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

*FILED NOV 17 2021 — MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

VICTORIA ROLLEY-RADFORD
69 Delwood Road
Kenmore, New York 14217,

                Plaintiff,

-against-

MODERN DISPOSAL SERVICES, INC.
4746 Model City Road
Model City, NY 14107

JERRY NOLE
MODERN DISPOSAL SERVICES, INC.
4746 Model City Road
Model City, NY 14107

JOE CAPPOLA
MODERN DISPOSAL SERVICES, INC.
4746 Model City Road
Model City, NY 14107

                Defendants.

PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF
AND DAMAGES FOR
INVIDIOUS RACIAL
DISCRIMINATION,
CONSPIRACY
AND RELATED CLAIMS

CIVIL ACTION

**21 CV 1229-V**

CASE NO: _____

JURY TRIAL DEMANDED

## PLAINTIFF'S COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND DAMAGES FOR INVIDIOUS RACIAL DISCRIMINATION,
## CONSPIRACY AND RELATED CLAIMS

*COMES NOW the plaintiff, Victoria Rolley-Radford, as and for a Complaint against the defendants above named, states, alleges, and avers as follows:*

### PRELIMINARY STATEMENT

1. Plaintiff, Victoria Rolley-Radford, is an African-American woman and bring this case of intentional, egregious and invidious racial and gender in the workplace. Defendants, by their wonton and reckless actions, have demonstrated that the Black Lives Matter Movement of recent years was nothing more than political posturing with no actual meaning to the lives of persons like myself.

2. This is a civil action to recover damages for the deprivation of plaintiff's rights or privilege as a citizen of the United States and to be free of age, racial, gender and employment discrimination in the work place and for the retaliation by defendants for plaintiff exercising a right to complain and exercise a right to file an administrative complaint with the U.S. Equal Employment Opportunity Commission about defendants' violations of state and federal law by acts done by defendants in furtherance of a conspiracy, all in violation of 42 U.S.C. § 3601 et seq; 42 U.S.C. § 2000 (a) et seq.; 42 U.S.C. § 2000 (e) et seq. 29 U.S.C. § 621, et seq.; 42 U.S.C. §§ 1981, 1982, 1983, and 1985 and 1986, et seq; Title VII of the Civil Rights Act of 1964; under the First, Fifth, Fourteenth Amendments to the United States Constitution; as well under the laws of the State of New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to (i) 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States; and (ii) pursuant to 28 U.S.C. §§ 1343 and 1343, which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights of American citizens; and (iii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iv) under 42 U.S.C. § 2000e, et seq., as amended; (v) 42 U.S.C. §§ 1981, 1982, 1983, 1985 & 1986, et seq., as amended et seq., as amended

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that the defendants maintains offices, conducts business, and resides in this judicial district, and a substantial portion of the acts that make up the basis of the Complaint occurred within this judicial district.

## DEMAND FOR TRIAL BY JURY

5.      Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to triable.

## NO IMMUNITY UNDER STATE LAW

6.      Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendants complained of herein were practiced with actual malice and reckless disregard towards plaintiff and her legal rights and property interests, and were willful and constituted malicious, intentional, willful, outrageous, reckless and flagrant misconduct, so as to deprive the defendants

of any immunity under New York State law. Plaintiff further avers that any State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants, claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's federally guaranteed rights cannot be immunized by State law.

## NOTICE OF CLAIMS & EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff, at all times herein, have satisfied all requirements and conditions precedent to this lawsuit, to wit: plaintiff filed administrative actions with the U.S. Equal Employment Opportunity Commission, with EEOC Charge Number 525-2021-01232 and received a Dismissal and Notice of Rights dated August 20, 2021, relative to the claims alleged herein.

8. Plaintiff files this Complaint within 90 days of receiving the Dismissal and Notice of Rights letters from the Equal Employment Opportunity Commission.

9. Furthermore, where such requirements may not have been met, plaintiff aver that such requirements are unconstitutional and are promulgated in violation of the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and the facts and circumstances from which plaintiffs' claim arise have constituted a barrier prohibiting plaintiff from satisfying any mandated law, regulation or ordinance regarding a condition precedent to this lawsuit.

## PARTIES

Plaintiff

10.     Plaintiff is an African-American woman.

11.     Plaintiff is a citizen of the United States and a resident of the State of New York, County of Erie.

12.     At all times herein, plaintiff was an employee of defendant Modern Disposal Services, Inc. and subject to the supervision and management of defendants Jerry Nole and Joe Cappola.

Defendants

13.     Defendant Modern Disposal Services, Inc. is a corporation formed and operate under the laws of the State of New York with more than 50 employees.

14.     At all times herein, defendant Modern Disposal Services, Inc. was the employer of the plaintiff.

15.     Defendant Jerry Nole is a senior management employee of defendant Modern Disposal Services, Inc. with supervisory responsibilities governing the employment of plaintiff.

16.     Defendant Joe Cappola is a senior management employee of defendant Modern Disposal Services, Inc. with supervisory responsibilities governing the employment of plaintiff.

## STATEMENT OF RELEVANT FACTS

17.     Plaintiff began working for defendant Modern Disposal Services, Inc. in November of 2018 as a truck driver.

18.     Plaintiff enjoyed a good working relationship with management, performed her job without incident, and received positive job performance reviews from November of 2018 until February of 2021.

19.     On or about February 18, 2021 plaintiff, at a meeting on the premises of defendant Modern Disposal Services, Inc. with defendant Jerry Nole, plaintiff was approached by defendant Jerry Nole about eliminating a fictitious complaint about her performance in exchange for sexual favors. Defendant Jerry Nole also cautioned plaintiff that her advancement with the company would be in hampered if she did not succumb to his sexual advances.

20.     Plaintiff refused to comply with defendant Jerry Nole's advances and reported his outrageous conduct to senior management of defendant Modern Disposal Services, Inc., including senior manager defendant Joe Cappola.

21.     Plaintiff was suspended from her employment on June 3, 2021 without cause or notice and in retaliation of her refusal to comply with the sexual demands of Jerry Nole which started in February of 2021 and continued until her suspension.

22.     Plaintiff was fired from her employment on June 7, 2021 without cause or notice and after having served defendant Modern Disposal Services, Inc. a copy and notice of her complaint with the Equal Employment Opportunity Commission.

23.     Plaintiff has no adequate remedy at law for the remedies complained of herein.

## COUNT I
### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS
### GUARANTEED BY FIRST, FOURTH, FIFTH, SIXTH, AND
### FOURTEENTH AMENDMENTS OF THE
### UNITED STATES CONSTITUTION
### AND 42 U.S.C. § 1981

### RACE DISCRIMINATION

24. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

25. Defendants, acting jointly and severally, conspired to and did adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages because of plaintiff's race and in retaliation for plaintiff exercising her rights under federal and state constitutional laws, differently, disparately and wrongfully from their treatment of similarly situated white employees of defendant Modern Disposal Services, Inc.

26. Defendants have and did deprived plaintiff of her rights to make and enforce contracts and to the full and equal benefit of defendants' rules, regulations, laws and proceedings for the hire, employment, administrative proceeding, grievance procedures, and security of plaintiff's employment because of plaintiff's race in violation of 42 U.S.C. §1981.

27. Defendants knew or should have known that their conduct violated plaintiff's clearly established constitutional right to make and enforce contracts and be free of disparate treatment because of her race.

28. Defendants acted with intent to violate plaintiff's clearly established rights afforded under the First, Fourth, Fifth, Sixth, and Fourteen Amendments to the United States Constitution, and at all times acting in concert.

29. Defendants, did knowingly, intentionally, maliciously, recklessly and wantonly deprive plaintiff of her right to be free of a hostile work environment and disparate treatment because of her race.

30. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, loss past and future wages, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

## COUNT II
### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS
### GUARANTEED BY FIRST, FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE
### UNITED STATES CONSTITUTION
### AND 42 U.S.C. § 1981

### SEX/GENDER DISCRIMINATION

31. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

32. Defendants, acting jointly and severally, conspired to and did adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages because of plaintiff's sex/gender and in retaliation for plaintiff exercising her rights under

federal and state constitutional laws, differently, disparately and wrongfully from their treatment of similarly situated female and male employees of defendant Modern Disposal Services, Inc.

33.     Defendants have and did deprived plaintiff of her rights to make and enforce contracts and to the full and equal benefit of defendants' rules, regulations, laws and proceedings for the hire, employment, administrative proceeding, grievance procedures, and security of plaintiff's employment because of plaintiff's sex/gender in violation of 42 U.S.C. §1981.

34.     Defendants knew or should have known that their conduct violated plaintiff's clearly established constitutional right to make and enforce contracts and be free of disparate treatment because of her sex/gender.

35.     Defendants acted with intent to violate plaintiff's clearly established rights afforded under the First, Fourth, Fifth, Sixth, and Fourteen Amendments to the United States Constitution, while acting in concert.

36.     Defendants, did knowingly, intentionally, maliciously, recklessly and wantonly deprive plaintiff of her right to be free of a hostile work environment and disparate treatment because of her sex/gender.

37.     As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, loss past and future wages, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00

## COUNT III
## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS
## GUARANTEED BY FOURTH, FIFTH, SIXTH, AND
## FOURTEENTH AMENDMENTS OF THE
## UNITED STATES CONSTITUTION
## AND 42 U.S.C. § 1982

38.     Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

39.     Defendants, acting jointly and severally, conspired to and did adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages because of plaintiff's race, sex, age and in retaliation for plaintiff exercising her rights under federal and state constitutional laws.

40.     Defendants have and did deprived plaintiff of her rights to make and enforce contracts and to the full and equal benefit of defendants' rules, regulations, and laws and proceedings for the hire and security of plaintiff's employment because of plaintiff's race, sex and age and in violation of 42 U.S.C. §1982.

41.     Defendants knew or should have known that their intentional conduct violated plaintiff's clearly established constitutional right to make and enforce contracts.

42.     Defendants acted with intent to violate plaintiff's clearly established Fourteen Amendment rights, acting in concert and under color of law.

43.     Defendants, acting jointly and severally, conspired to and did adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future

wages because of plaintiff's race, sex, age and in retaliation for plaintiff exercising her rights under federal and state constitutional laws all in violation of 42 U.S.C. §1982.

44. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, loss past and future wages, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

**COUNT IV**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS**
**GUARANTEED BY FOURTH, FIFTH, SIXTH, AND**
**FOURTEENTH AMENDMENTS OF THE**
**UNITED STATES CONSTITUTION**
**AND 42 U.S.C. § 1983**

45. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

46. Defendants, acting jointly and severally, conspired to and did adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages because of plaintiff's race, sex, age and in retaliation for plaintiff exercising her rights under federal and state constitutional laws, all in violation of 42 U.S.C. § 1983.

47. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, loss past and future wages, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00

## COUNT V
## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS
## GUARANTEED BY FOURTH, FIFTH, SIXTH, AND
## FOURTEENTH AMENDMENTS OF THE
## UNITED STATES CONSTITUTION
## AND 42 U.S.C. § 1985

48. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

49. Defendants, acting jointly and severally, knowing and intentionally, agreed and conspired to adversely impact plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages because of plaintiff's race, age and gender and while undertaking retaliatory actions against plaintiff because she exercised her rights under federal and state constitutional laws, all with an objective to deprive plaintiff her constitutional rights.

50. At all times herein, private individuals, or a non-government agency that are not state officials did act under color of state law when it agreed to and then engaged in a conspiracy with defendant Buffalo Public Schools District to deprive plaintiff of her right to equal protection of the law and other rights afforded under the constitution of the United States when defendants wrongfully, maliciously and intentional deprived plaintiff access and, in comparison to similarly situated white employees.

51. Defendants have an animus, dislike, hatred and bias against plaintiff and all African-Americans, with a history of preference for white males.

52. Defendants knew, or should have known, that plaintiff is African-American and and female.

53. Defendants did harass, suspend and subsequently terminate the employment contract of plaintiff by their reckless, malicious and wonton conspiracy cause irreparable financial, emotional and psychological harm as well as loss of reputation in the local community.

54. Defendants have and did deprived plaintiff of her rights to make and enforce contracts and to the full and equal benefit of the equal protect of the laws and to equal privilege and immunities under the laws because of plaintiff's race, age and gender in violation of 42 U.S.C. §1985.

55. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

### COUNT VI
### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR RETALIATION

56. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

57. Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission charging defendants with violations of the Title VII of the Civil Rights Act of 1964.

58. Defendants were served a copy of the EEOC Complaint prior to their termination of plaintiff on June 7, 2021.

59. Defendants had actual and constructive knowledge that plaintiff had filed an EEOC Charge of Discrimination at the time they fired her from her job.an

60. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

## COUNT VII
## AS AND FOR A NINETH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR INTENTIONAL INFLICTION OF EMOTIONAL PAIN

61. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

62. Defendants, as described herein, knowingly and intentional subjected plaintiff to extreme and outrageous conduct.

63. Defendants' conduct has caused plaintiff severs emotional distress and mental anguish.

64. As a proximate cause of defendants' actions and omissions, plaintiff has in the past, and will in the future, suffer damages.

65. As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

## COUNT VIII
## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR NEGLIGENT INFLICTION OF EMOTIONAL PAIN

66. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

67.     Defendants, as described herein, negligently subjected plaintiff to extreme and outrageous conduct.

68.     Defendants' conduct has caused plaintiff severs emotional distress and mental anguish.

69.     As a proximate cause of defendants' actions and omissions, plaintiff has in the past, and will in the future, suffer damages.

70.     As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00.

**COUNT IX**
**AS AND FOR A ELEVENTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR BREACH OF CONTRACT**

71.     Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

72.     Plaintiff entered into a contract with defendant Modern Disposal Services, Inc.

73.     Defendants' breached such contract upon the suspension of plaintiff without just cause, without notice and in reckless disregard for the terms and conditions of the contract entered into with plaintiff.

74.     As a proximate cause of defendants' breach, plaintiff has suffered and will continue to suffer severe damages.

75.     As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00

## COUNT X
## AS AND FOR A TWELEVTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

76. Plaintiff repeats and re-alleges each of the above paragraphs as if fully set forth herewith.

77. Defendants, as described herein, knowingly subjected plaintiff to unlawful race, age and sex discrimination, in violation of New York State Human Rights Law.

78. Defendants, in violation of New York State Human Rights Law, did retaliate against plaintiff for exercising a statutory right to file a complaint with the U.S. Equal Employment Opportunity Commission and the New York State Division of Human Rights.

79. Defendants acted with malice and reckless indifference to plaintiff's protected rights.

80. Defendants' conduct has caused plaintiff severs emotional distress and mental anguish.

81. As a proximate cause of defendants' actions and omissions, plaintiff has in the past, and will in the future, suffer damages.

82 As of direct result of the foregoing deprivation plaintiff has suffered severe injuries, other actual damages, along with attorney fees and costs in amount totaling $3,500,000.00

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demands judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and ever Count of this Complaint;

(c) issue a declaratory judgment finding defendants' termination of plaintiff was illegal and unconstitutional;

(d) issue an Order requiring defendants to remove any and all adverse letters, notes, or memos from plaintiff's employee records or file under their custody and control and to permanently enjoin defendants from releasing the same to any third party;

(e) award plaintiff compensatory damages in the amount of $3,500,000 (Three - Million- Five- Hundred Thousand Dollars);

(f) hold all defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(g) award plaintiff punitive damages against defendants;

(h) grant an Order restraining defendants from any retaliation in any form against plaintiff for participation in this litigation;

(i) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

(j) award plaintiff attorney fees and costs;

      (k) make further Orders as the Court deem just, necessary and proper.

Dated: November 16, 2021
       Buffalo, New York

                         Respectfully Submitted,

                         Victoria Rolley-Radford
                         Plaintiff, Pro Se
                         69 Delwood Road
                         Kenmore, New York 14217
                         (716) 602-9024
                         E-Mail: victoriarolley7@gmail.com

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Victoria Rolley-Radford

**DEFENDANTS**
Modern Disposal Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Erie**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Erie**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Victoria Rolley-Radford
69 Delwood Road, Kenmore, NY 14217

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

*(Employment - 442 checked under CIVIL RIGHTS)*

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1982; 42 USC Section 1983; 42 USC Section 1985 et al

Brief description of cause:
Employment Discrimination, Wrongful Termination and Retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $3.5 million
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 11/17/21
SIGNATURE OF ATTORNEY OF RECORD: *(signed)* V.A. Rolley-Radford

**FOR OFFICE USE ONLY**
RECEIPT #　AMOUNT　APPLYING IFP　JUDGE　MAG. JUDGE